UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00017-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID HENRY ESTEP, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. *Motion,* 1913, *Supplement*, 1933, *Letter*, 1955]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 1966]. The Government has filed a Response in Opposition to the reduction [Doc. 1978].

**I.   BACKGROUND**

On August 30, 2018, Defendant pleaded guilty to one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of methamphetamine (actual) [*See* Doc. 543, 548]. He agreed that he was accountable for the distribution of at least 500 grams but less than 1.5 kilograms of actual methamphetamine [Doc. 543, ¶ 4(s)]. Based on a total offense level of 33, ten criminal history points, and a criminal history category of V, Defendant's guideline range was 210 to 262 months' imprisonment [Doc. 1451, ¶ 109]. The Court sentenced Defendant to a below guideline range sentence of 151 months' imprisonment based on the motion of the Government [Doc. 1498, pg. 2]. Defendant is currently housed at FCI Elkton, and his projected

1

release date is February 21, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 7, 2025). He now moves for a sentence reduction pursuant to Amendment 821.

**II.    ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Part A of Amendment 821, which took effect on February 1, 2024, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence. U.S.S.G. § 1B1.10(d). It amended § 4A1.1 (Criminal History category) so that defendants with six or less criminal history points would no longer receive any status points and those defendants with more than six criminal history points would receive one status point, rather than two. *See* U.S.S.G. § 1B1.10, cmt. 7.

Part B, Subpart 1, of Amendment 821, created a new Chapter 4 guideline at § 4C1.1 (Adjustment for certain zero-point offenders) to provide for a two-level decrease for having received no criminal history points under Chapter 4, Part A, and who otherwise were not disqualified based on specified aggravating factors.

Defendant is not a zero-point offender. The only issue is the effect of Part A of Amendment 821. At the time of sentencing, Defendant received ten criminal history points, two of which were status points. If he were sentenced today, he would receive only one status point. That would

reduce his criminal history points from ten to nine, and would place him in criminal history category IV. His corresponding guideline range would be 188-235 months' imprisonment, less than the 210-262 guideline range at his original sentencing hearing. The Court sentenced Defendant to a sentence of 151 months, less than the newly calculated guideline range.

U.S.S.G. § 1B1.10(b)(2)(A) limits the Court's ability to sentence a defendant below the minimum of his amended guideline range unless the defendant provided substantial assistance. In this case, he did. Where a defendant has provided substantial assistance, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id*. Because he provided substantial assistance, a reduction is authorized by the Guidelines.

Defendant asks this Court to reduce his sentence to 135 months' imprisonment [Doc. 1913, pg. 2; Doc. 1933, pg. 2].[1] The Government acknowledges that the Court has discretion to grant that request and reduce his sentence, but highlights that the Court could reasonably exercise its discretion and deny that request based on the severity of the offense and Defendant's mixed post-sentence conduct. *See* U.S.S.G. § 1B1.10. Defendant's post-sentence conduct has not been exemplary at all. Defendant's disciplinary record shows he has incurred several infractions. He was sanctioned for: refusing work assignments on three occasions, phone abuse by allowing another inmate to use his TruFone account circumventing the monitoring procedures of the BOP, being insolent to staff members on three occasions, stealing, and destruction of property [Doc. 1978-1].

To be sure, § 1B1.10(b)(2)(B) provides that if the term of imprisonment imposed was less than guideline range at sentencing pursuant to a Government motion to reflect a defendant's

---

[1] Defendant was sentenced to 151 months based on a guideline range of 210-263 months. This amounts to a 28% reduction in his sentence based on the Government's motion. A 28% reduction off his amended guideline range of 188-235, would result in 135 months imprisonment.

3

substantial assistance, "a reduction comparably less than the amended guideline range . . . may be appropriate." *Id*. A reduction comparably less than the amended guideline range would result in a 135-month term of imprisonment. But in this case, Defendant's post-sentencing conduct—the multiple disciplinary infractions—suggest that he should not receive the full benefit of a comparable reduction as he received at his original sentencing hearing. His conduct shows a continued lack of respect for authorities and an unwillingness to follow the rules. However, even in light of his disciplinary record, the Court finds that a six-month reduction is appropriate to take into account his prior substantial assistance and to give some reduction as a result of a change in his amended guideline range. This amounts to an approximate reduction of 22.9% off the bottom of his new guideline range. This strikes the appropriate balance between giving Defendant a comparable reduction and his poor post-sentence conduct.

After having reviewed the PSR and the Government's prior motion for downward departure, it is the judgment of the Court that Defendant's sentence should be **REDUCED** to **145 months' imprisonment** based on his motion requesting a reduction pursuant to Amendment 821.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Docs. *Motion,* 1913, *Supplement*, 1933, *Letter*, 1955] is **GRANTED**. Defendant's sentence is reduced to 145 months' imprisonment. Further, Defendant's motion to appoint counsel in connection with this motion [Doc. 1990] is **DENIED AS MOOT.**

      **SO ORDERED:**

                                                  s/ Clifton L. Corker
                                                  United States District Judge